# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Nails Construction Company; Newell Abatement Services, Inc.; Lead Investigative Services, Inc.; Fredrick Newell; and The Access Group,<br><br>Plaintiffs,<br><br>v.<br><br>United States Department of Housing and Urban Development,<br><br>Defendant. | Case No. 22-cv-2527 (KMM/DJF)<br><br><br><br>**ORDER** |

Plaintiff Fredrick Newell commenced this action on behalf of himself and four entities that are either controlled by him or associated with him or others close to him. No attorney of record entered an appearance on behalf of any of the plaintiffs, and Mr. Newell himself is not an attorney. In an order dated October 14, 2022 ("October 14 Order"), the Court explained that Mr. Newell could proceed in this action without attorney representation, but the four remaining entities (the "Entity Plaintiffs") could not. (*See* ECF No. 5 at 1.) The October 14 Order provided the Entity Plaintiffs until November 11, 2022 to file an amended complaint that is signed by an attorney of record, who must enter a notice of appearance on their behalf. The October 14 Order further advised plaintiffs that a failure to obtain representation for the Entity Plaintiffs would likely result in their dismissal without prejudice for failure to prosecute. (*Id.* at 2.)

Plaintiffs now request either that the Court appoint counsel on behalf of the Entity Plaintiffs, or alternatively, that the Court grant them additional time to recruit counsel willing to

1

represent them in this lawsuit.[1] (*See* ECF No. 6.) The Court denies plaintiffs' request for the appointment of counsel. As an initial matter, it is not entirely clear that a federal court *may* appoint counsel on behalf of a corporation in a civil matter. *See, e.g.*, *McCaffrey v. Gatekeeper USA, Inc.*, No. 14-CV-493 (VSB), 2022 WL 2668257, at *1 n.1 (S.D.N.Y. July 11, 2022); *NK Beer Wine, Inc. v. United States*, No. 1:08-cv-067, 2009 WL 1874031, at *1 (W.D. Mich. June 29, 2009). In addition, the Court would decline to do so in any event, as "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Plaintiffs have not provided verified information regarding the finances of the Entity Plaintiffs establishing that those entities are, in fact, unable to procure their own counsel. Moreover, it is far from clear from the Complaint (ECF No. 1) that the Entity Plaintiffs serve any purpose in this litigation, as the claims available to those entities appear—at least at this stage of the proceedings—equally available to Mr. Newell himself. And as this Court explained in its prior order, nothing prevents Mr. Newell from continuing to represent himself in this matter.

The Court grants plaintiffs' motion for an extension in part, however, to allow the Entity Plaintiffs more time to find an attorney to appear on their behalf and file an amended complaint. The deadline established in this Court's October 14 Order is extended to January 9, 2023—the date by which the plaintiffs must serve the complaint on the defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. This action must go forward by that date, and if the Entity Plaintiffs cannot prosecute this matter due to their lack of representation in federal court, they must be dismissed without prejudice from this action.

---

[1] Plaintiffs' motion is signed not only by Plaintiff Frederick Newell, but also by Billy Newell, who is an alleged coproprietor of Newell Abatement Services, Inc., Lead Investigative Services, Inc. and Nails Construction Company, and Wendy Hines, who signed on behalf of The Access Group. (*See* ECF No. 6.) The Court notes that Billy Newell and Wendy Hines are not parties to this lawsuit. (*See* ECF No. 1.) As such, if the Entity Plaintiffs are ultimately dismissed from this action, Fredrick Newell will be the sole plaintiff in this action.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs' Petition to Appoint Counsel and Motion for an Extension of Time (ECF No. [6]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiffs' motion for appointment of counsel is **DENIED**.

2. Plaintiffs' motion for an extension of time is **GRANTED IN PART**. An attorney licensed to practice in this District must enter a notice of appearance on behalf of plaintiffs Nails Construction Company; Newell Abatement Services, Inc.; Lead Investigative Services, Inc.; and The Access Group and file an amended complaint no later than **January 9, 2023**, failing which they may be dismissed from this action for failure to prosecute.

Dated: November 17, 2022

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge